# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10703
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Billy Marcum, Jr.,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-380-1

————————————————————

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:*

Billy Marcum, Jr., appeals his sentence of 210 months of imprisonment imposed after he pleaded guilty to wire fraud, in violation of 18 U.S.C. § 1343. Marcum challenges the district court's loss calculation under U.S.S.G. § 2B1.1(b)(1), arguing that the losses caused by his codefendant should not have been attributed to him as relevant conduct.

————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Specifically, he asserts that the losses caused by his codefendant were not relevant conduct for purposes of calculating his guidelines range because they played substantially different roles and because the extent of his codefendant's misrepresentations was unforeseeable.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Okulaja*, 21 F.4th 338, 343-44 (5th Cir. 2021). While Marcum characterizes his challenge as a legal issue, "[a] district court's determination of what constitutes relevant conduct for sentencing purposes, including what acts and omissions are part of a common scheme or plan as the offense of conviction, is a factual finding that this court reviews for clear error." *United States v. Ainabe*, 938 F.3d 685, 690 (5th Cir. 2019). There is no clear error if a factual finding is plausible in light of the record as a whole. *Okulaja*, 21 F.4th at 344.

"A defendant convicted of an offense involving fraud or deceit is sentenced based on the amount of loss attributable to his conduct." *United States v. Benns*, 740 F.3d 370, 374 (5th Cir. 2014); *see* § 2B1.1(b)(1). Apart from losses attributable to the offense of conviction itself, "the loss amount may include losses attributable to other acts that constitute 'relevant conduct' as defined in the Sentencing Guidelines." *Benns*, 740 F.3d at 374. Concerning jointly undertaken criminal activity, "relevant conduct" includes "all acts and omissions of others that were . . . (i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).

In this case, the record reflects that Marcum admitted to defrauding over 90 investors of more than $14 million; he made misrepresentations about his business operations and expenses; he falsified reports regarding oil

sales and production information to entice investments; and he used new investor funds to pay off other investors while representing that the returns were from oil sales. He also conceded that he paid his codefendant a portion of investor funds in exchange for soliciting investors and that he provided his codefendant with false documents to assist in soliciting investors. Finally, the fact that his codefendant's method for defrauding investors differed from Marcum's does not establish a separate scheme given that they acted in concert to defraud investors. Because the determination that the losses caused by Marcum's codefendant were within the scope of their joint criminal activity and were reasonably foreseeable is plausible in light of the record as a whole, the district court did not clearly err in calculating the loss amount attributable to Marcum under § 2B1.1(b)(1). *See Ainabe*, 938 F.3d at 690.

AFFIRMED.